IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA JIMENEZ, ET AL.          *
                                *
     V.                         *     Civil No. MJG-09-2165
                                *
FREDERICK MEMORIAL HOSPITAL,    *
     ET AL.                     *
                                *

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Quash Defendant Emergency Physician Associates, P.A.'s Subpoena Seeking Confidential and Irrelevant Records Maintained by Montgomery County Child Welfare Services (Paper No. 20). The motion has been fully briefed. A telephone hearing was held. As stated in the hearing and as more fully set out below, the Court DENIES Plaintiffs' Motion to Quash Subpoenas and ORDERS that Montgomery County Child Welfare Services to produce the records as requested to the Court for in camera review. The Court received the records on April 14, 2010. Having reviewed the records, the Court determines that they should be produced as discoverable, under a confidentiality order.

I.  Background

This is a case involving an alleged violation of the Emergency Medical Treatment and Action Labor Law, 42 U.S.C. § 1395dd, et seq., that arose from the death of the minor child

K.M.J. from head and abdominal injuries. (Paper No. 1, 1-5). Plaintiffs' complaint alleges that K.M.J's injuries resulted from an "unwitnessed fall from a bicycle," and her death was the result of defendants' negligent failure to perform appropriate diagnostic testing, to provide adequate medical examination, and to admit K.M.J. to the hospital for treatment. (Id. at 5). Defendants suggest that plaintiffs may have been contributorily negligent in K.M.J.'s death, and believe that plaintiffs "have a documented history of child abuse and/or neglect" of K.M.J. (Paper No. 23-1, 3).

In furtherance of their theory, defendant Emergency Physician Associates, P.A. has subpoenaed records from, among other entities, Montgomery County Child Welfare Services ("MCCWS). (Paper No. 20-1, 1-4). Production of the subpoenaed records was required by March 8, 2010 (Paper No. 20-1, 3), and plaintiffs moved to quash the subpoena on March 11, 2010 (Paper No. 20). In their motion, plaintiffs represented that the Montgomery County Child Welfare Services objected to the disclosure of the child welfare services records. At the request of the Court, MCCWS filed a written statement of its position, which it did oppose production. (Paper No. 25).[1]

---

[1] "Ordinarily a party has no standing to seek to quash (or modify) a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Wright & Miller § 2459. See also In re Grand Jury Subpoena, 584 F.3d 175, 184 & n.14 (4th Cir. 2007) (recognizing that unless a party is

2

## II. Discussion

Plaintiffs first allege that the subpoena is overbroad, as it requests "any and all records" concerning K.M.J., including "[a]ny and all family investigative records concerning the care of [K.M.J.] by parents Justino Jimenez and Sandra Jimenez." (Paper No. 20, 2 (citing MCCWS Subpoena, Paper No. 20-1, 1-4). Next, plaintiffs contend that, while they do not object to the disclosure of medical records in the possession of MCCWS, disclosure of K.M.J's "confidential and other private records . . . . including . . . any and all social services records and child welfare services records," should any such records exist, is prevented by Maryland law absent an established "need to inspect." (Paper No. 20, 3). According to plaintiffs, "[m]erely supposing that the confidential records may contain relevant admissible evidence is not a proffer sufficient to establish a need to inspect." (Id. at 3-4). Moreover, plaintiffs argue, social services and child welfare services records, should any exist, are irrelevant to this case. (Id. at 4).

---

claiming that subpoenaed documents are privileged, he lacks standing to object to a subpoena directed to a third party); Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)(same). Plaintiffs here object to discovery of records from MCCWS but do not explicitly allege personal right or privilege as to the documents, and thus may lack standing to challenge the subpoenaes. Arguably, the parents can move to quash, essentially enforcing the confidentiality provisions of state law. It is not necessary to reach this issue of their standing as the MCCWS lodged its objection.

Defendants respond that the social services and child welfare services records are relevant to a defense in this case, namely, contributory negligence by Sandra Jimenez and Justino Jimenez. (Paper No. 23-1, 2-3). Defendants note that, by initiating this litigation, plaintiffs have "surrender[ed] some of their rights to privacy" as a defendant has a right to discover favorable evidence. (<u>Id.</u> at 2-3). Moreover, defendant Emergency Physician Associates, P.A. represents that "Plaintiffs have a documented history of child abuse and/or neglect of the Decedent, prior to her death." (Paper No. 23-1, 3). Defendant continues that evidence of child abuse and/or neglect "would be relevant to the Defendants' case, as there is evidence in this case that suggests contributory negligence on the part of K.M.J.'s parents." <u>Id.</u> Thus, although the records are confidential, defendants argue that they may be disclosed under a balancing test where the requesting party's interest in discovering evidence in his favor outweighs the other side's interest in confidentiality. (<u>Id.</u> at 3-4).

The parties do not dispute the governing law. Under Maryland law, disclosure of social service and child welfare service records is punishable as a misdemeanor. MD. CODE ANN., HUM. SERVS. § 1-201(a). However, disclosure in accordance with a court order is not prohibited. <u>Id.</u> § 1-201(b)(1). In fact, disclosure of reports or records concerning child abuse or

neglect must be disclosed where ordered by a court. MD. CODE ANN., HUM. SERVS. § 1-202(b)(1). Maryland courts interpret these provisions through the lens of legislative history, observing that the statute was enacted

> in a larger societal sense, to provide for confidentiality, and in a narrower sense, to conform to the mandates of federal law; it was never intended to be a vehicle to permit the willy-nilly disclosure of the very records the Legislature sought to keep confidential.

Balt. City Dep't of Soc. Servs. v. Stein, 328 Md. 1, 24, 612 A.2d 880, 891 (1992) (internal citations and quotation marks omitted).

In 1992, the Maryland Court of Appeals, for the first time, examined "whether, and to what extent, a state's interest in the confidentiality of its social services record must yield to a civil defendant's right to discover favorable evidence bearing on his threatened loss of property." Id. There, in a suit for damages arising out of lead paint poisoning, the trial court compelled production of records from the Departments of Social Services and Protective Services to defendants, and the Court of Appeals granted certiorari. Id. at 2-4, 612 A.2d at 881. The Court of Appeals affirmed this aspect of the trial court's decision, explaining:

> To the extent that [social services] records contain information bearing on the child's behavior, particularly during the relevant period, the trier of fact will be able to assess whether that behavior was

> caused by lead poisoning or something else. The
> appellee has alleged a potential and plausible
> relationship between the records and the plaintiffs'
> causes of action. He has proffered, given the
> circumstances, a 'need to inspect,' that is, 'a
> reasonable possibility that review of the records
> would result in discovery of usable evidence.'
>
> The appellee's proffer is not overly specific. That
> is to be expected, however, since the appellee has not
> seen the records and cannot possibly know what is in
> them. Moreover, the defense that the appellee seeks
> to raise is quite similar to credibility. As with
> credibility, whether information will be useful in
> rebutting the plaintiff's case or impeaching the
> plaintiff 'depends upon the circumstances, including
> context, and, to a large extent, the perception of the
> person interpreting it.'
>
> As we did in Zaal, we conclude that the appellee's
> proffer is not frivolous, and, indeed, 'placed before
> the court the [appellee's] legitimate concerns and
> gave plausibility to his stated need to review the
> records for relevant information.' He has crossed the
> 'need to inspect' threshold.

Id. at 30-31, 612 A.2d at 894.

The test is whether there is a "reasonable possibility that review of the records would result in discovery of usable evidence." Id. at 27. Here, the facts are similar to Stein. Defendant requested MCCWS records concerning K.M.J., specifically including those that concern her care by her parents. (Paper No. 20, 2). To the extent the requested MCCWS records do contain information bearing on K.M.J.'s care or treatment by her parents, those records may result in relevant evidence that would allow a trier of fact to assess whether the injuries K.M.J. sustained were caused by a bicycle accident or

6

some other cause, whether the parents accurately reported the nature and timing of the injury, and whether there was some medical or health condition pre-existing, but unreported to the defendant medical provider. As in <u>Stein</u>, it would be unreasonable to require defendant to narrow its request without any information as to what records exist. Therefore, the Court concludes that defendant has crossed the "need to inspect" threshold by articulating its "legitimate needs" for the documents, and plausibly stating its need to review the records for relevant information. <u>Stein</u>, 328 Md. at 31, 612 A.2d at 894.

Crossing the "need to inspect" threshold does not grant a requesting party unfettered access to social services records, however. Rather, as plaintiffs' privacy concerns are also protected by the statute, "there should be no greater disclosure allowed than is necessary to meet the [requesting party's] 'need to inspect.'" <u>Id.</u> at 31, 612 A.2d at 894. In a case such as this one, <u>in camera</u> review of the records is appropriate.

In keeping with Maryland law, the Court ordered that MCCWS produce the requested records to the Court. Having reviewed the records, the Court ORDERS their production. The scope of discovery is as to "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). While it appears highly unlikely to the undersigned that the

2002 incident (six years before the injury and death here) would be admissible at trial under F.R.E. 402-403, that decision is properly that of the trial judge in the context of the factual record as fully developed and presented at trial.

### III. Conclusion

Therefore, the Court DENIES Plaintiffs' Motion to Quash Subpoenas and ORDERS that Montgomery County Child Welfare Services produce the records as requested to defense counsel on or before May 3, 2010, under an appropriate confidentiality order.

Date:    4/23/10                              /s/
                                    Susan K. Gauvey
                                    United States Magistrate Judge